IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CYNTHIA CARDENAS, Individually, And As Next Friend For A███ C███ and N███ C███, Minors, and ANDRES & SABINA CARDENAS<br>*Plaintiffs* | §§§§§§§§§ |
| VS. | § Civil Action No. _____ |
| LEE COUNTY, TEXAS<br>*Defendant* | §§§§ |

A12CV0085 SS

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Cynthia Cardenas, Individually, And As Next Friend For A███ C███ and N███ C███, Minors, and Andres & Sabina Cardenas, Plaintiffs herein, complaining of Lee County, Texas, and for cause of action would respectfully show the Court as follows:

## I. PARTIES

1. Plaintiff, Cynthia Cardenas, is the surviving wife of Cesar Adrian Cardenas. A███ C███ and N███ C███, are the biological minor children of Cesar Adrian Cardenas and Cynthia Cardenas. Plaintiff sues in her individually capacity and as next friend for the aforesaid minor children . Plaintiff brings this claim on her own behalf and own behalf of the aforesaid minor children as wrongful death beneficiaries and as heirs of the estate of Cesar Adrian Cardenas pursuant to Texas Civil Practice & Remedies Code §§71.02 *et. seq.* and §71.021.

2. Plaintiffs, Andres & Sabina Cardenas, are the biological parents of Cedar Adrian Cardenas. These plaintiffs sue as wrongful death beneficiaries of Cesar Adrian Cardenas pursuant to Texas Civil Practice & Remedies Code §§71.02 *et. seq.* and §71.021.

3. At the time of his death, Cesar Adrian Cardenas, was a citizen of the United States and resided in Giddings, Lee County, Texas. His sole heirs include Plaintiff Cynthia Cardenas and her minor children, A███ C███ and N███ C███ and another child named A███ S███. After his death there was no need to establish an administration of his estate as he died

intestate with no appreciable assets to distribute. No administration is pending or necessary.

4. Lee County is a county government organized under the laws of Texas which has its county seat in Giddings, Texas and operates the Lee County Sheriff's Office. The Lee County Sheriff's Office houses its pre-trial detainees and and inmates in the Lee County Law Enforcement Center. Lee County may be served through its County Judge, Paul E. Fisher at 200 South Main, Room 107, Giddings, Texas 78942. Service is not requested at this time.

## II. JURISDICTION AND VENUE

5. As this case is brought pursuant to 42 U.S.C. § 1983, this Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. § 1343(a)(3).

6. Venue of this cause is proper in the Western District pursuant to 28 U.S.C. §1391(b) because a substantial portion of the events or omissions giving rise to Plaintiffs' claims occurred in Giddings, Texas, within the Western District of Texas.

## III. BACKGROUND

7. Cesar Adrian Cardenas was the beloved husband of Plaintiff Cynthia Cardenas and son of Plaintiffs Andres and Sabina Cardenas as well as the father of A▓▓ and N▓▓ C▓▓.

8. On or about November 17, 2011, Cesar Adrian Cardenas was placed into the custody of the Lee County Sheriff's Office.

9. On or about December 3, 2011, Cesar Adrian Cardenas became ill, while still in custody, and was taken by Lee County Sheriff's Office personnel to the Lee Memorial Hospital.

10. On or about December 5, 2011, Cesar Adrian Cardenas once again became seriously ill. Mr. Cardenas cell mates, Alfonso Balderas and Jose Limon advised jailers that Cesar Adrian Cardenas was ill. His condition was so obvious that a lay person could have easily recognized the need for immediate medical care.

11. Around 10:00 p.m. on December 5, 2011 jailers entered Cesar Adrian Cardenas' cell, examined Cesar Adrian Cardenas and indicated to Mr. Cardena's cell mates that they would summon an ambulance.

12. Around midnight, Jose Limon again urged Lee County Sheriff's Office jailers to get Cesar Adrian Cardenas medical attention. The jailers indicated that they felt that Cesar Adrian Cardenas was alright and failed to arrange for any medical attention for Cesar Adrian Cardenas at that time.

13. At approximately 6:00 a.m. the next morning, Jose Limon tried to awaken Cesar Adrian Cardenas so that he could eat, but saw that Cesar Adrian Cardenas had passed away. Mr. Limon notified the jailers who eventually arranged form Cesar Adrian Cardenas to be removed.

14. An autopsy has been ordered of Cesar Adrian Cardenas' body which results have yet to be released to the Justice of the Peace requesting same.

## IV. FEDERAL CAUSES OF ACTION
### A. 42 U.S.C. §1983 Claim

15. Plaintiffs incorporate by reference all of the foregoing and further allege as follows:

16. Defendant was acting under the color of law when it violated the constitutional rights of Cesar Adrian Cardenas by failing to adopt policies that directed jailers to summon professional medical attention for pre-trial detainees who were clearly in need of medical attention.

17. Defendant was acting under the color of law when it violated the constitutional rights of Cesar Adrian Cardenas by failing to enforce policies requiring its jail employees to summon professional medical treatment for pre-trial detainees who were clearly in need of medical attention.

18. Defendant was acting under the color of law when it violated the constitutional rights of Cesar Adrian Cardenas when its jailers consciously and deliberately failed to provide medical care for Cesar Adrian Cardenas medical attention when it was apparent that he was in need of professional medical attention.

19. Defendant was acting under the color of law when it violated the constitutional rights of Cesar Adrian Cardenas when it failed to adequately train its jailers to summon professional medical treatment when pre-trial detainees manifest the need for professional medical care.

20. Each of these policies was actually known, constructively known and/or ratified by Lee County and its policymakers and were promulgated with deliberate indifference to Cesar Adrian Cardenas rights as guaranteed under the Fourth and/or Fourteenth Amendments to the United States Constitution.

21. Moreover, such policies/practices were the moving force of Cesar Adrian Cardenas' death and the constitutional injuries he suffered. Accordingly, Lee County, Texas is liable under 42 U.S.C. § 1983 to Plaintiffs for their damages.

## V. CLAIM FOR DAMAGES

22. The actions and omissions of Defendant deprived Cesar Adrian Cardenas of his civil rights under the United States Constitution. Moreover, these acts and omissions by Defendant and its agent, employees and/or representatives, proximately caused and/or were the moving force of the injuries and damages to Plaintiffs and proximately caused and/or were the moving force of the wrongful death of Cesar Adrian Cardenas. Accordingly, Plaintiffs assert claims under 42 U.S.C. § 1983 and the Texas wrongful death and survivorship statutes.

23. Plaintiff Cynthia Cardenas in her individual capacity and as the next friend for A█████

C▉▉ and N▉ C▉▉ as statutory heirs asserting survival claims on behalf of Cesar Adrian Cardenas' Estate have incurred damages including, but not limited to, the following:

    a) physical pain and mental anguish suffered by Cesar Adrian Cardenas prior to his death; and
    b) funeral and burial expenses.

24. Plaintiffs Cynthia Cardenas, Individually, and As Next Friend for A▉▉C▉▉ and N▉ C▉▉ and Plaintiffs Andres and Sabina Cardenas, in their individual capacities asserting wrongful death claims have incurred damages including, but not limited to, the following:

    a) past and future mental anguish; and
    b) past and future loss of companionship, society, services, and affection.

## VII. ATTORNEYS' FEES

25. As it was necessary for Plaintiffs to hire the undersigned attorneys to file this lawsuit, Plaintiffs are entitled to an award of attorneys' fees and costs including, but not limited to, expert witness fees pursuant to 42 U.S.C. §1988(b) if they prevail.

26. In compliance with Rule 38, Federal Rules of Civil Procedure, Plaintiffs hereby notify all parties of Plaintiffs' demand to a jury trial and tender the appropriate fee.

27. Plaintiffs hereby ask that Defendant be cited to appear and answer and that Plaintiffs be awarded judgment against Defendants for:

(a) compensatory damages;
(b) attorneys' fees, including expert fees, under 42 U.S.C. § 1988;
(c) pre-judgment interest and post-judgment interest at the highest rate allowable under the law;
(d) all costs including, but not limited to, any expert fees; and
(e) all other relief in equity or in law to which Plaintiffs may be entitled.

    WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendant be cited to appear and answer herein and after final hearing Plaintiffs have judgment against Defendant for the actual damages described above.

Respectfully submitted,

ROBLES & ASSOCIATES

_____
Lloyd Robles
State Bar No. 17118150
5205 Airport Blvd., Ste. 100
Austin, Texas 78751
(512) 416-1208
(512) 416-0082 Fax

Attorney for Plaintiffs